```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON

ANGELA D. WORKMAN,

        Plaintiff,

v.                                    CASE NO. 2:08-cv-00800

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
```

## M E M O R A N D U M   O P I N I O N

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for Supplemental Security Income ("SSI"), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge.

Plaintiff, Angela Dawn Workman (hereinafter referred to as "Claimant"), protectively filed an application for SSI on June 8, 2004, alleging disability as of January 1, 2004, due to nerves, lung problem, lower back pain, migraines and a learning disability. (Tr. at 41-44, 48.) The claim was denied initially and upon reconsideration. (Tr. at 31-33, 35-39.) On May 25, 2005, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 34.) The hearing was held on July 19, 2006, before the Honorable James P. Toschi. (Tr. at 354-81.) By decision dated August 2, 2006, the ALJ determined that Claimant was not entitled

to benefits. (Tr. at 11-20.) On August 2, 2006, the Appeals Council considered new evidence offered by the Claimant, but determined it did not provide a basis for changing the ALJ's decision. (Tr. at 11-20.) On June 2, 2008, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 416.920 (2006). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to

Subpart P of the Administrative Regulations No. 4.  <u>Id.</u> § 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  <u>Id.</u>  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  <u>Id.</u> § 416.920(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  <u>Hall v. Harris</u>, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, <u>McLain v. Schweiker</u>, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. § 416.920(f) (2006).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy.  <u>McLamore v. Weinberger</u>, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 13.)  Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of obesity, a back impairment, hypertension, peripheral arterial disease and borderline

3

intellectual functioning. (Tr. at 13.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 15.) The ALJ then found that Claimant has a residual functional capacity for light work, reduced by nonexertional limitations. (Tr. at 17.) Claimant has no past relevant work. (Tr. at 18.) The ALJ concluded that Claimant could perform jobs such as cashier, dining room attendant, and machine operator, which exist in significant numbers in the national economy. (Tr. at 19.) On this basis, benefits were denied. (Tr. at 20.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v.Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not

abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

Claimant's Background

Claimant was thirty-five years old at the time of the administrative hearing. (Tr. at 358.) Claimant graduated from high school and was enrolled in special education. (Tr. at 359.) Claimant has no past work history. (Tr. at 18.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the weight of the medical evidence is sufficient to prove that Claimant's physical and mental impairments in combination equal a listed impairment; (2) the ALJ failed to resolve discrepancies in evidence from Sally Sowell, M.A. or develop the record further related to Claimant's mental impairments; (3) Claimant's subjective complaints of pain are credible; and (4) the Appeals Council failed to properly

consider the new and additional evidence submitted by Claimant. (Pl.'s Br. at 4-9.) Claimant also filed a supplemental brief in which she asserts that she was awarded benefits on a subsequent claim effective August 16, 2006, the protective filing date on a subsequent application and a mere two weeks after the decision of the ALJ on August 2, 2006. Plaintiff asserts that this is new and material evidence that justifies remand. (Pl.'s Supp. Br. at 1.)

The Commissioner argues that (1) Claimant's impairments did not meet or equal a listing; (2) Claimant's allegations of disabling symptoms are not entirely credible; (3) the Appeals Council properly considered the evidence submitted to it after the ALJ's decision; and (4) the evidence submitted to this court does not warrant a remand for new and material evidence. (Def.'s Br. at 9-18.)

The court first turns to Claimant's assertion that the subsequent decision awarding benefits is new and material evidence, which justifies remand. The Commissioner does not address the subsequent decision in his brief.

On October 1, 2008, Claimant was granted benefits on a subsequent application effective August 16, 2006, the date on which she protectively filed the subsequent application and just fourteen days after the ALJ's August 2, 2006, decision. (# 12-2.)

The court finds that the decision awarding benefits on the subsequent application effective August 16, 2006, is new and

material evidence pursuant to 42 U.S.C. § 405(g). Pursuant to 42 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" There was good cause for Claimant's failure to submit this evidence sooner, as the subsequent decision is dated October 1, 2008. The evidence is material because "there is a reasonable possibility that the new evidence would have changed the outcome. " <u>Wilkins v. Secretary Dep't of Health & Human Services</u>, 953 F.2d 93, 96 (4th Cir. 1991) (<u>en</u> <u>banc</u>).

In <u>Reichard v. Barnhart</u>, 285 F. Supp.2d 728, 734 (S.D. W. Va. 2003), the court observed that the ALJ's subsequent decision, in which he found that Claimant was disabled less than a week after his first decision in which he had denied benefits,

> is new and material evidence. [The ALJ] reached his decision in the adjudication of Claimant's second applications. His finding that Claimant was disabled only a few days after his first decision was issued begs the question whether Claimant was actually disabled before that during the period of time relevant to consideration of Claimant's first application. A review of [the ALJ's] second decision shows that some of the evidence he considered was in the record before him on the first applications and/or before the Appeals Council. Simply in consideration of the finding that Claimant became disabled a few days after [the ALJ] issued his first decision, the undersigned finds that there is a reasonable possibility that the evidence considered by [the ALJ] in reaching his second decision might well have changed the outcome in this case as it was before him the first time. It is not in any way evident from the current record in this case how Claimant became disabled less than a week after [the ALJ's] first decision.

7

Relying on <u>Reichard</u>, the court finds that Claimant's case must be remanded on the basis that the subsequent decision of the Commissioner awarding benefits two weeks after the ALJ's decision on the current application is new and material evidence. In the subsequent decision awarding benefits, the ALJ relied on the testimony of a medical expert who testified that Claimant's obesity and back problems resulted in an inability to sustain an eight-hour workday. In addition, another medical expert testified that Claimant had moderate difficulties in maintaining social functioning and concentration, persistence and pace, mild limitations in activities of daily living and no episodes of decompensation. (Supp. Br., # 12-2, p. 8.)

Some of the evidence relied upon by the ALJ on the subsequent application and relied upon by the medical experts who testified at the hearing on the subsequent application, included evidence before the ALJ and the Appeals Council on the current application. <u>See Wilkins</u>, 953 F.2d at 96 (when the Appeals Council incorporates evidence into the administrative record, the court must review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Commissioner's findings). In particular, the medical expert who testified about Claimant's mental impairments noted that a supervised psychologist completed a Medical Assessment of Ability to do Work-Related Activities (Mental) on October 24, 2006, and opined that Claimant

had several poor ratings. This evidence was before the Appeals Council on the subsequent application. (Tr. at 335-37.)

As in Reichard, "[i]t is not in any way evident from the current record in this case how Claimant became disabled less than a week [or in this case, two weeks] after [the decision on the instant application]." Reichard, 285 F. Supp.2d at 734.

Thus, after a careful consideration of the evidence of record, the court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, by Judgment Order entered this day, this matter is REVERSED and REMANDED for further administrative proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g).

The Clerk of this court is directed to transmit copies of this Order to all counsel of record.

ENTER: September 22, 2009

Mary E. Stanley
United States Magistrate Judge

9